IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | NO. 19 B 07040 |
| | ) | |
| ALEXIS NICOLE THURMAN, | ) | Chapter 7 |
| | ) | |
| DEBTOR. | ) | Honorable Carol A. Doyle |

NOTICE OF MOTION

TO:   David R Herzog   drhlaw@mindspring.com,
herzogschwartz@gmail.com;il59@ecfcbis.com;drh@trustesolutions.net
Patrick S Layng   USTPRegion11.ES.ECF@usdoj.gov
Richard E Sexner   richard@sexnerlaw.com

Alexis Nicole Thurman                    PRA Receivables
1872 West Palm Drive                     PO Box 41021
Apt. 362                                 Norfolk, VA 23541
Mount Prospect, IL  60056

PLEASE TAKE NOTICE that on April 11, 2019 at 9:30 a.m., we shall appear before Her Honor, Bankruptcy Carol A. Doyle or any other Judge sitting in that Judge's stead, in the courtroom 742 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, or any other room in which she may be presiding, and then and there seek the entry of a Motion for Relief from the Automatic Stay.

SANFORD KAHN, LLP


/s/ Robert A. Kahn
One of its Attorneys

SANFORD KAHN, LLP
Attorney for Movant
180 North LaSalle Street
Suite 2025
Chicago, Illinois 60601
(312) 263-6778
law@sanfordkahnllp.com

CERTIFICATION OF VERIFICATION

I, Robert Kahn, the undersigned attorney, certify that I served this Notice of Filing, together with the attached Motion, by sending a copy to the above-named parties via the U.S. Bankruptcy Court's electronic filing system and by mailing a copy to the Debtor at the above-stated address, by depositing same in the U.S. mail at 180 North LaSalle Street, Chicago, Illinois 60601, at or before 5:00 p.m. on March 29, 2019, with proper postage prepaid.

/s/ Robert A. Kahn
Robert A. Kahn

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: ) NO. 19 B 07040
)
ALEXIS NICOLE THURMAN, ) Chapter 7
)
DEBTOR. ) Honorable Carol A. Doyle

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Now comes movant, Ram Partners LLC, As Agent for Park Grove Apartments, LLC, by its attorneys, Sanford Kahn, LLP, and moves this Court for Relief from the Automatic Stay in this matter and for such other relief, and in support thereof states as follows:

1. That the debtor has filed her Petition under Chapter 7 of the U.S. Bankruptcy Code on March 13, 2019.

2. That the debtor is a tenant of movant/landlord at 1872 West Palm Drive, Apt. 362, Mount Prospect, Illinois 60056, and is in arrears in pre-petition rent to movant in the amount of $1,260.71 representing rents due through March, 2019.

3. That on March 6, 2019 movant served a 5-days' notice for non-payment of rent upon said debtor. A copy of the Notice of Termination is attached hereto as Exhibit A.

4. Upon debtor's failure to pay such rent, the debtor's tenancy was terminated.

5. However, before movant could file an eviction case seeking possession of the premises, Debtor filed this bankruptcy petition.

6. The debtor is still in possession of movant's premises and currently is in arrears in the total sum of $1,260.71 through March, 2019 and use and occupancy charges are continuing to accrue, all to the prejudice of movant.

7. There is no issue that Illinois law determines whether debtor's lease was terminated before the bankruptcy. Matter of Williams, 144 F.3d 544 (7th Cir. 1998); In re Finkley, 203 B.R.

95 (Bankr. N.D. Ill. 1996). See <u>Mars-Winn Co., Inc. v. Giberson Elec., Inc</u>., 103 F.3d 584 (7th Cir. 1996) (federal courts look to state law to determine debtor's property interest). As the United States Supreme Court stated:

Neither this Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the state. (Citations omitted.) This proposition, fundamental to our system of federation, is applied to procedural as well as substantive rules. <u>Johnson v. Fankell</u>, 520 U.S. 911, 117 S.Ct. 1800, 1804, 138 L.Ed.2d 108, 115 (1997).

Thus the interpretation of the relevant Illinois statutes governing termination of tenancies by the Illinois Supreme Court is binding on federal courts, and this Court cannot employ federal law or non-Illinois law to determine whether the debtor's lease was terminated under Illinois law prior to the filing of her bankruptcy petition.

8. Further, in <u>Chadwick v. Parker</u>, 44 Ill. 326 (1867), the Illinois Supreme Court had the earliest occasion to consider the effect of the tenant's failure to comply with a landlord's statutory five-day (then ten-day) notice. In <u>Chadwick</u>, the tenant failed to pay rent and the landlord served a 10-days' notice. The tenant failed to pay the rent due within the 10 days and the landlord filed his action in forcible detainer for possession. Following a jury verdict for possession in favor of the landlord, the tenant appealed to the Supreme Court. After discussing the recently enacted forcible entry and detainer statute, the Court noted that the rent default in itself did not effect a termination of the lease, but rather the legislature intended that the tenant could avoid a forfeiture for such default by paying the rent within the 10-day period, and held that upon the tenant's failure to cure the rent default within the 10-day period, his lease became forfeited, therefore affirming the jury verdict in favor of the landlord for possession:

> In this case more than ten days elapsed after the notice was given, and the suit was brought, and the appellant should, to prevent a forfeiture, have tendered the rent in arrear before the expiration of ten days from the time the notice was served. We have seen that the statute gave him this right; but, failing to pay, his lease became forfeited, and appellee had a right to maintain his action.
> 44 Ill. at 336.

9. Because debtor's lease had been terminated under Illinois law prior to the filing of the bankruptcy petition, she cannot cure the default and assume the lease in bankruptcy. The majority of courts considering this question have so ruled. For example, in <u>In re Maxwell</u>, 40 B.R. 231 (N.D. Ill. 1984), this Court held:

> It has been conclusively established that a bankruptcy court cannot resurrect a lease that has been terminated prior to the filing of bankruptcy. (Citations omitted). Leases terminated before bankruptcy are simply not assumable by the trustee.
> 40 B.R. at 236.

10. That to restrain movant from dispossessing the debtor from the premises following the pre-petition termination of the debtor's tenancy is not proper under Section 362(d) of the Bankruptcy Code, and the stay should be vacated to allow movant to proceed with eviction proceedings against Debtor with said Order to be effective immediately.

WHEREFORE, movant prays for the following relief:

A. That this Court grant movant relief from the automatic stay.

B. That the stay provisions of Rule 4001 (a) (3) of the Federal Rules of Bankruptcy Procedure be waived so as to allow the Order to be effective immediately.

C. For such other relief as the Court deems just.

Ram Partners LLC, As Agent for Park Grove Apartments, LLC

By: /s/ Robert A. Kahn
One of its Attorneys

SANFORD KAHN, LLP
Attorneys for Movant
180 North LaSalle Street
Suite 2025
Chicago, Illinois 60601
(312) 263-6778
law@sanfordkahnllp.com